USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,          :
                                   :
                    Plaintiff,     :    07 CV. 9577 (JGK)
                                   :
             - v. -                :    STIPULATION AND ORDER OF
                                   :    SETTLEMENT OF CLAIM OF
ALL RIGHT, TITLE AND INTEREST      :    LA PLAYA DE VARADERO
IN REAL PROPERTY AND               :    PURSUANT TO
APPURTENANCES LOCATED AT 18801     :    18 U.S.C. § 983(a)(4)
COLLINS AVENUE, APARTMENT 322-3    :
SUNNI ISLES BEACH, FLORIDA         :
33160, AND                         :
                                   :
ALL RIGHT, TITLE AND INTEREST      :
IN REAL PROPERTY AND               :
APPURTENANCES LOCATED AT 85        :
BRAINERD ROAD, TOWNHOUSE 9,        :
BOSTON, MASSACHUSETTS 02134,       :
                                   :
             Defendants-in-rem.    :
- - - - - - - - - - - - - - - - - - x
                                   :
LA PLAYA DE VARADERO IV            :
CONDOMINIUM ASSOCIATION, INC.,     :
                                   :
                    Claimant.      :
- - - - - - - - - - - - - - - - - - x

         IT IS HEREBY STIPULATED and AGREED by and between the United States Attorney's Office for the Southern District of New York, Michael J. Garcia, United States Attorney (the "United States"), and La Playa de Varadero IV Condominium Association, Inc. ("Claimant"), to compromise and settle Claimant's alleged interest in the following property:

> All Right, Title and Interest in Real Property and Appurtenances Located at 18801 Collins Avenue, Apartment 322-3 Sunni Isles Beach, Florida 33160 (the "Subject Property").

1

1. Any violations of Title 21, United States Code, Subchapter I, and Title 18, United States Code, Sections 1956 and 1957, giving rise to the forfeiture involving the Subject Property occurred without notice, knowledge and/or consent of the Claimant.

2. The United States agrees that, upon interlocutory sale of the Subject Property, or upon the Court's disposition of all claims asserting an interest in the Subject Property and entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Subject Property to the United States and sale of the Subject Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to Claimant from the proceeds of sale, after payment of any outstanding property taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, and expenses incurred by the United States Marshals Service ("USMS") in connection with its custody and sale of the Subject Property, the following:

   a. The principal amount of all unpaid condominium assessments and common charges up until the date of payment (said amount being $8,139.00 as of April 30, 2008), which will be assessed at a rate of $236.50 per month up until the date of payment;

   b. Reasonable attorneys fees and costs for all work through the date of this Stipulation and Order, in an amount not to exceed $650.

3. Payment to Claimant pursuant to paragraph 2 of this Stipulation is contingent upon a court-authorized interlocutory

2

sale of the Subject Property or upon the Court's disposition of all petitions asserting an interest in the Subject Property and entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Subject Property to the United States and sale of the Subject Property pursuant to the Final Order of Forfeiture.

4. The foregoing payments to Claimant shall be in full settlement and satisfaction of all claims by Claimant to the Subject Property and of all claims by Claimant arising from and relating to any seizure, detention, and forfeiture of the Subject Property by the United States, but Claimant reserves its rights to assert claims against Maria N. Caicedo on any deficiency balance.

5. Upon payment, Claimant agrees to release or discharge its alleged interest in the Subject Property via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States, including but not limited to the USMS, the Bureau of Immigration and Customs Enforcement, and the United States Attorney's Office for the Southern District of New York, in their individual and official capacities, from any and all claims by Claimant and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the Subject Property.

6. Claimant agrees to notify the U.S. Attorney promptly if it learns of any condition that might affect the sale of the

Subject Property, and to join in any motion by the United States to effect the sale of the Subject Property, including motions to remove occupants who fail to abide by the terms of an occupancy agreement.

7. Claimant understands and agrees that this Stipulation and Order constitutes a full and final settlement of its alleged interest and that it waives any rights to litigate further its interest in the Subject Property, including litigation currently pending in Massachusetts state court and in the United States District Court of Massachusetts, and to claim for remission or mitigation of the forfeiture, other than those claims against Maria N. Caicedo on any deficiency balance.

8. Claimant understands and agrees that the United States reserves the right to void this Stipulation if, before payment of the claim, the United States obtains new information indicating that Claimant was not owed the amounts described in paragraph 2, or that the violations of Title 21, United States Code, Subchapter I, and Title 18, United States Code, Sections 1956 and 1957, giving rise to the forfeiture involving the Subject Property occurred with notice, knowledge and/or consent of the Claimant. The United States also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property. In either event, the Government shall promptly notify Claimant of such action. A discretionary termination of

forfeiture shall not be a basis for any award of fees or costs.

9. Claimant agrees to execute further documents to the extent necessary to effectuate the terms of this Stipulation.

10. Each party agrees to bear its own costs and attorney's fees, but Claimant reserves its right to proceed against Maria N. Caicedo for any deficiency balance due following payment hereunder (including costs and attorney's fees).

11. The terms of this Stipulation shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an order of the Court.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation. Signature pages may be by fax and such signatures shall be deemed as valid originals.

13. The individual(s) signing this Stipulation on behalf of Claimant represent and warrant that they are authorized by Claimant to execute this Stipulation.

14. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

15. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

16. Upon the Court's endorsement of this Stipulation and Order, Claimant's claim, filed June 10, 2008, is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

Dated:   New York, New York
         June **30**, 2008

MICHAEL J. GARCIA
United States Attorney

By: _____   6/30/2008
ANNA E. ARREOLA
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2218


LA PLAYA DE VARADERO IV
CONDOMINIUM ASSOCIATION, INC.,


By: _____   6/18/08
Carlos Cordero, President            Date


By: _____   6/18/08
Marlene León-Rubido                  Date
Counsel for La Playa de
Varadero


**SO ORDERED:**

_____   7/1/08
HONORABLE JOHN G. KOELTL    Date
UNITED STATES DISTRICT JUDGE

6